NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ZADOK ELI, et al., *Plaintiffs/Appellants*,

*v.*

PROCACCIANTI AZ II L.P., et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0423

FILED 07-09-2024

Appeal from the Superior Court in Maricopa County
No. CV2012-000363
CV2012-051066
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Zadok Eli, Hana Eli, Scottsdale
*Plaintiffs/Appellants*

Spencer Fane, LLP, Phoenix
By Andrew M. Federhar, Jessica A. Gale
*Counsel for Defendant/Appellee Procaccianti*

Hill, Hall & Deciancio, Phoenix
By R. Corey Hill, Christopher Robbins, Ginette M. Hill
*Counsel for Defendant/Appellee Hilton Casitas*

---

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1          Zadok and Hana Eli appeal from the denial of their Arizona Rule of Civil Procedure ("Rule") 60(b)(5) motion to vacate the judgment in CV2012-051066. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          The Elis are one of several homeowners who lease land from Procaccianti AZ II, L.P. ("Procaccianti"). The Elis are also members of the Hilton Casitas Council of Homeowners (the "HOA").

¶3          In 2012, neighboring homeowner and HOA member Diana Shaffer and related legal entities (collectively, "Shaffer") sued Procaccianti in CV2012-051066 for Procaccianti's alleged breach of a 1999 amendment to their ground lease. The Elis also brought a separate suit in CV2012-000363 against Procaccianti and the HOA for breach of contract. The superior court consolidated both cases.

¶4          In CV2012-051066, the court granted summary judgment in part to Procaccianti as to the Shaffer plaintiffs. In CV2012-000363, the case proceeded to trial, a jury found for Procaccianti on all claims, and the court awarded it $459,000 in attorneys' fees. The court then entered a final, unified, and signed judgment as to both CV2012-000363 and CV2012-051066.

¶5          The court divided the judgment into sections. The court decreed the 1999 amendment was enforceable against all the plaintiffs. The court entered judgment for the HOA on all the Elis' claims and awarded the HOA $216,580 in attorneys' fees and $5,725.64 in taxable costs. The court also entered judgment for Procaccianti on all counts of Shaffer's complaint and on all counts of the Elis' complaint. Finally, against both Shaffer and the Elis, the court entered declaratory judgment determining their ground rent and awarded Procaccianti attorneys' fees of $459,000 and taxable costs of $5,108.56, jointly and severally against Shaffer and the Elis.

**¶6**        As relevant here, the Elis and Shaffer moved under Rule 60 to set aside the judgment, which the superior court denied. The Elis, but not Shaffer, appealed the denial of their Rule 60 motion and listed both the CV2012-000363 and CV2012-051066 case numbers in their notice of appeal. Procaccianti then moved to dismiss the appeal of CV2012-015066, arguing that the aggrieved party in that case—Shaffer—never filed a notice of appeal. The Elis opposed the motion, arguing that the CV2012-051066 judgment was against them as well because the cases were consolidated.

**¶7**        This court affirmed the superior court's denial of the Elis' Rule 60 motion in CV2012-000363 in *Eli v. Procaccianti AZ II LP*, 1 CA-CV 19-0855, 2021 WL 3088737, at *2 ¶ 9 (Ariz. App. July 22, 2021) (mem. decision) (as amended) ("*Eli II*"). This court also dismissed the Elis' appeal of CV2012-015066, explaining that

> consolidation of cases does not merge them into a single case, *Brummond v. Lucio*, 243 Ariz. 360, 365, ¶ 20 (App. 2017), and the [Elis] were not the parties aggrieved by the judgment *against Shaffer* in CV2012-051066. *See* ARCAP 1(d) (noting that the "aggrieved" party may appeal the judgment); *In re Estate of Friedman*, 217 Ariz. 548, 551, ¶ 9 (App. 2008) ("An appeal may only be taken by a party aggrieved by the judgment.")

*Id.* at *3 ¶ 11 (emphasis added).

**¶8**        The Elis then moved under Rule 60(b)(5) to vacate the judgments and obtain relief from enforcement in both CV2012-000363 and CV2012-015066. The Elis argued that because this court determined that the Elis were not aggrieved by the judgment in CV2012-015066, Procaccianti was estopped from claiming the judgment is enforceable against them. The Elis referred only to the subsections of the judgment that set the ground rent and awarded Procaccianti $459,000 in attorneys' fees jointly and severally against the Elis and Shaffer.

**¶9**        The superior court denied the Elis' Rule 60(b)(5) motion. The court explained that as to the CV2012-051066 case,

> the Court of Appeals dismissal of *that* appeal *only* was based only upon the fact that the Shaffer Plaintiff did not appeal the judgments and *after* the original judgments had already been affirmed by the 2018 decision. The [c]ourt of appeals otherwise noted that the original judgment had been affirmed in 2018 and affirmed the additional sanctions awards as to the

companion cases in which Eli, London, and Whitmer *are* parties.

¶10        The Elis then moved for a new trial under Rule 59, which the court also denied. The Elis appealed both orders denying their Rule 60(b)(5) and 59 motions. *See* ARCAP 9(e)(1)(D)–(E) (determining that once a party files a Rule 59 or 60 motion, the time to file a notice of appeal begins to run from the entry of a signed order disposing of the last such remaining motion). This court has jurisdiction under A.R.S. § 12-2101(A)(2), (5)(a).

## DISCUSSION

¶11        The Elis challenge only the superior court's denial of their Rule 60(b)(5) motion. They argue the judgment is a single judgment, including the $459,000 attorneys' fees award, that applied only to CV2012-015066. Because the Elis claim the judgment in CV2012-015066 was the only judgment entered against them, the Elis argue this court's dismissal in *Eli II* of their appeal as to CV2012-015066 thereby released them from the attorneys' fees award. The Elis further argue that Procaccianti is estopped from claiming otherwise. This court reviews a denial of a Rule 60(b) motion for an abuse of discretion. *Rogone v. Correia*, 236 Ariz. 43, 48 ¶ 12 (App. 2014). As an initial matter, however, we must address the Elis' estoppel and Procaccianti's preclusion arguments.

## I.    Estoppel

¶12        The Elis argue that Procaccianti is estopped from arguing the judgment in CV2012-051066 is enforceable against them because in *Eli II*, Procaccianti "claim[ed] that the judgment in CV2012-051066 was not enforceable against [Procaccianti]." Judicial estoppel has three requirements: (1) the parties must be the same, (2) the question involved must be the same, and (3) the party asserting the inconsistent position must have been successful in the prior judicial proceeding. *State v. Towery*, 186 Ariz. 168, 182 (1996). "The doctrine focuses on factual assertions, not opinions or legal positions." *State Farm Mut. Auto. Ins. Co. v. Frank*, 1 CA-CV 23-0282, __ Ariz. __, __ ¶ 49, 547 P.3d 374, 385 (App. 2024).

¶13        The Elis misrepresent Procaccianti's argument in *Eli II* and misunderstand the nature of judicial estoppel. Procaccianti argued a *legal position* in *Eli II* that is *consistent* with its current position. In *Eli II*, Procaccianti moved to dismiss the appeal as to CV2012-051066 because Shaffer was not a party to the appeal. This is a legal position, not a factual assertion. *See id.* at 385–86 ¶¶ 50–52 (finding argument that "claim did not fall within the scope of any arbitration provision" was not a factual

4

assertion). And this position is wholly consistent with Procaccianti's position that the judgment issued in *CV2012-000363* is enforceable against the Elis. In *Eli II*, Procaccianti did not seek dismissal as to CV2012-000363. Rather, Procaccianti in that case successfully sought that this court affirm the dismissal of the Elis' third Rule 60 motion for relief from the judgment in CV2012-000363. As this court explained, "consolidation of cases does not merge them into a single case." *Eli II*, 2021 WL 3088737, at *3 ¶ 11. The Elis' argument that these positions are inconsistent lacks any merit.

## II.     Preclusion

**¶14**          Procaccianti argues that the Elis are either claim or issue precluded from arguing our decision in *Eli II* vacated the judgment in CV2012-051066 because the Elis raised the same claim in a motion for reconsideration and a petition for review of *Eli II*. Claim preclusion has three elements: (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits. *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70 ¶ 14 (2006). And issue preclusion occurs when the issue to be litigated was actually litigated in a prior proceeding. *Circle K Corp. v. Indus. Comm'n of Ariz.*, 179 Ariz. 422, 425 (App. 1993).

**¶15**          Neither the Elis' petition for review nor their motion for reconsideration has preclusive effect. The denial of a petition for review is not an adjudication on the merits and therefore lacks preclusive effect. *See Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266 ¶ 10 (2022) ("For issue or claim preclusion to apply, there must be a final judgment on the merits."). As to the motion for reconsideration, here the Elis argue that by dismissing their appeal of CV2012-051066 in *Eli II*, this court's decision in *Eli II* thereby vacated the judgment against them. But the Elis did not argue in their motion that this court's decision in *Eli II* itself vacated the judgment in CV2012-051066. Thus, neither claim nor issue preclusion applies to the Elis' appeal.

## III.    Denial of the Elis' Rule 60(b)(5) Motion

**¶16**          The Elis argue that the superior court erred in denying their Rule 60(b)(5) motion for relief from the judgment in CV2012-051066 because no separate judgment in CV2012-000363 was entered and the only judgment against the Elis was the judgment in CV2012-051066. Therefore, they contend that the judgment awarding Procaccianti $459,000 in attorneys' fees against them was issued in CV2012-051066 and not in

CV2012-000363. Under Rule 60(b)(5), the superior court may relieve a party from a final judgment if the judgment has been satisfied, released, or discharged.

**¶17**         The record does not support the Elis' assertion, however. The filing at issue plainly on its face renders judgment in both CV2012-051066 *and* in CV2012-000363. Although issued as a single, unified document, the filing contains two judgments—one judgment in CV2012-051066 that applied to Shaffer, and another judgment in CV2012-000363 that applied to the Elis. In other words, the sections of the judgment that apply to the Elis comprise the judgment in CV2012-000363, whereas the sections of judgment that apply to Shaffer comprise the judgment in CV2012-051066. *See Powers Reinforcing Fabricators, L.L.C. v. Contes*, 249 Ariz. 585, 589 ¶ 14 (App. 2020) (Consolidation does not "make those who are parties in one suit parties in another." (quoting *Torosian v. Paulos*, 82 Ariz. 304, 316 (1957))). Therefore, this court's dismissal of the Elis' appeal as to the judgment rendered in CV2012-051066, which never applied to the Elis, had no effect on the judgment in CV2012-000363, which included the $459,000 attorneys' fees award against the Elis. And indeed, in *Eli II* this court affirmed the superior court's denial of the Elis' Rule 60 motion for relief from judgment in CV2012-000363. *Eli II*, 2021 WL 3088737, at *2 ¶ 9. The superior court thus did not err denying the Elis' Rule 60 motion for relief from judgment.

## IV.    Attorneys' Fees

**¶18**         Procaccianti seeks attorneys' fees on appeal under A.R.S. § 12-341.01 as well as sanctions under A.R.S. § 12-349 and ARCAP 25, arguing that this appeal is both groundless and brought solely to delay and harass. Procaccianti also seeks an award of costs under ARCAP 21.

**¶19**         Because this appeal is a "contested action arising out of a contract," we award Procaccianti its reasonable attorneys' fees under A.R.S. § 12-341.01. We also award Procaccianti, as the successful party, its reasonable costs upon compliance with ARCAP 21. Because we award Procaccianti its reasonable attorneys' fees under A.R.S. § 12-341.01, we do not address its request under A.R.S. § 12-349.

**CONCLUSION**

¶20      We affirm.

